REQUESTED BY: Dear Senator:
In a note to this office addressed March 3, 1978, you ask us `please give an opinion on LB 711.' LB 711, as it originally appeared, contained a section 7. Section 7 of the original LB 711 would, in our opinion, have rendered the entire bill unconstitutional. Article IV, Section 13, of the Constitution of Nebraska provides that the Board of Pardons has the exclusive power to remit fines and forfeitures and to grant respites, reprieves, pardons, or commutations except in cases of treason and of impeachment. This power rests exclusively with the executive branch of government under our state Constitution. Section 7 of the original LB 711 would be an unconstitutional attempt to shift these powers from the executive branch of government to the legislative branch of government. This cannot be done under our current Constitution.
Our records of the Legislature indicate that section 7 of LB 711 was stricken on March 1, 1978. Such being the case, the above constitutional infirmity mentioned above would have no application to LB 711.
Our review of the remainder of LB 711 reveals no other constitutional infirmities. This conclusion is based upon what we feel is legislatively intended to be accomplished by the passage of LB 711. As we read section 2 of LB 711, that section would require the supreme court to review and analyze all cases involving criminal homicides committed on or after April 20, 1973, but does not authorize the supreme court to do anything other than review and analyze those cases. Section 3, however, does authorize the supreme court to determine the propriety of a sentence in each case involving a criminal homicide when that case is appealed to the Supreme Court of Nebraska. This section would authorize the supreme court to either affirm or modify sentences which were appealed to the supreme court only after the effective date of LB 711. Section 3 would not authorize the supreme court to modify sentences received for criminal homicides committed on or after April 20, 1973, and for which an appeal had already been completed.
If our interpretation of sections 2 and 3 of LB 711 is in accord with the legislative intent, then we see no constitutional problems with LB 711 as it has been amended.